```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
ANTONIO JIMENEZ, on behalf of himself,                      :
FLSA Collective plaintiffs and the Class,                   :
                                                            :   **MEMORANDUM DECISION AND**
                                              Plaintiff,    :   **ORDER**
                                                            :
                       - against -                          :   14-cv-5657 (BMC)
                                                            :
COMPUTER EXPRESS INTERNATIONAL                              :
LTD. and ICOMP.COM INC.,                                    :
                                                            :
                                              Defendants.   :
                                                            :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

Plaintiff is a former warehouse worker who brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*, and corresponding New York State labor law provisions, alleging that defendants failed to pay him overtime during his more than nine years of employment with defendants. The case is before me on plaintiff's motion for a default judgment.

## BACKGROUND

Plaintiff alleges that he worked as a warehouse worker from January 2005 until his termination on July 9, 2014. The complaint further alleges that plaintiff worked from 9:30 a.m. to 6:30 p.m. five days a week but that at least twice a week, he was required to work two hours past his scheduled hours. His compensation, however, was on a fixed-salary basis of $522 per week before 2008; then $650 per week until July, 2009; then $700 per week until November, 2010, and then $750 per week until he was terminated. The complaint also alleges that defendant's failure to pay overtime was willful, and that defendants failed to provide proper

wage notices as required by the New York Labor Law.  Finally, the complaint alleges that defendants were engaged in interstate commerce and that they had gross revenues in excess of $500,000.

In support of his motion, plaintiff has filed an affidavit confirming his hours worked as stated in the complaint.

**DISCUSSION**

It is hornbook law that on a motion for default judgment, the well-pleaded allegations of the complaint pertaining to liability are accepted as true.  Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).  In the instant case, the complaint's allegations are sufficient to establish liability.

It is equally well settled that on a motion for a default judgment, the default does not constitute an admission as to the damages claimed in the complaint.  Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009).  The burden is on plaintiffs to establish, by a reasonable certainty, their entitlement to the relief requested.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  To determine damages, the court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or may rely upon the affidavits and other documentary evidence provided by plaintiffs, obviating the need for a hearing on damages.  See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Co., 109 F.3d 105, 111 (2d Cir. 1997).

There is no need for an inquest here.  Plaintiff has established by documentary evidence the amount of damages that defendants owe him.  His affidavit identifies the hours that he worked and the amount and basis on which he was paid, and it shows that he was not paid overtime.  The elements of damages he seeks as a result of this violation are:  (1) back pay for

each of the periods in which his salary varied, beginning six years before the filing of this action; (2) liquidated damages under both New York State law and the FLSA; and (3) a statutory penalty for failure to furnish wage statements as required under the New York Labor Law.

Plaintiff has submitted a spreadsheet showing his attorneys' computation of these amounts and while it is mathematically correct, I have a different view as to plaintiff's entitlement to relief based on two of those elements. First, I will only allow liquidated damages once, not under both the FLSA and New York Labor Law. The case law is conflicting; although some cases speak of a "majority view" that double recovery is permitted because liquidated damages serve different purposes under each statute, see, e.g., Eschmann v. White Plains Crane Serv., Inc., No. 11-cv-5881, 2014 WL 1224247, at *7-8 (E.D.N.Y. Mar. 24, 2014), I see no reason why one award of liquidated damages does not adequately satisfy both purposes, and I therefore agree with those cases holding that one recovery of liquidated damages is sufficient. See, e.g., Gortat v. Capala Bros., 949 F. Supp. 2d 374, 381-82 (E.D.N.Y. 2013). Because the New York Labor Law allows recovery for a period going back six years and the FLSA only three, the former yields a higher amount of liquidated damages, and I will allow that.

Second, I am not familiar with plaintiff's claim for a statutory penalty of $2500 pursuant to the New York Labor Law. Plaintiff does not cite the statute, but if he is referring to N.Y. Lab. L. §195, the Second Circuit has suggested, as appears from the language of the statute, that there is no private right of action under it. See Chimarev v. TD Waterhouse Investor Servs., Inc., 99 F. App'x 259, 261 (2d Cir. 2004).

3

## CONCLUSION

Plaintiff's motion for a default judgment is granted. The form of judgment tendered by plaintiff as modified by this decision shall be entered separately.

**SO ORDERED.**

                                                                U.S.D.J.

Dated: Brooklyn, New York
       March 10, 2015